UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

ERVIN STUBBS,

        Plaintiff,

v.

SANDRA A. WILSON et al.,

        Defendants.
_____/

Case No. 2:24-cv-23

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues

Defendants Parole Board Members Sandra A. Wilson and Adrianne VanLangevelde, Former Governor Rick Snyder, and MDOC Director Heidi E. Washington. (ECF No. 1, PageID.2.)

Plaintiff alleges that he was sentenced to 4 to 15 years imprisonment for third degree criminal sexual conduct under the "Truth in Sentencing" statute in 2010. (*Id.*, PageID.3.) Plaintiff states that his earliest release date was April 23, 2014. Plaintiff asserts that on his first two parole denials he was told he would be reassessed in twenty-four months. On his third and fourth denials, Plaintiff was told he would be reassessed in eighteen months. Plaintiff was subsequently given two twelve-month denials. Plaintiff asserts that he was then given another eighteen-month denial. (*Id.*)

Plaintiff states that in each denial, his past actions were the only reason given for denying him parole. Plaintiff contends that under the truth in sentencing statute, he was to serve his minimum sentence and be paroled unless there were substantial or compelling reasons for denying him parole. Instead, Plaintiff claims that "the parole board members constantly 'flopping' [him] repeatedly—using things [he has] already been punished for"—violated his constitutional rights. (*Id.*) Plaintiff asserts that he has gone ticket free for periods of twelve, fourteen, and seventeen months and has level IV points. (*Id.*)

Plaintiff asserts that Defendants violated his constitutional rights to due process, equal protection, to be free from double jeopardy, and to be free from cruel and unusual punishment. Plaintiff seeks to be released from prison immediately and damages for each day he has been imprisoned past his earliest release date.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      A.      **Defendants Snyder and Washington**

Initially, the Court notes that Plaintiff fails to allege any wrongdoing on the part of Defendants Snyder and Washington. Indeed, other than naming Defendants Snyder and Washington in the case caption, Plaintiff fails to name these Defendants in the body of his

3

complaint. Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Moreover, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Further, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Snyder and Washington had any involvement with the decisions denying him parole. Accordingly, for the reason set forth above, he fails to state a claim against them.

  **B.**   **Due Process**

Plaintiff claims that Defendant violated his due process rights by denying him parole. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a

protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603–04 (Mich. 1999).

Under this authority, Plaintiff has no reasonable expectation of liberty until he has served his maximum sentence. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. Because Plaintiff does not have a liberty interest in being paroled, his due process claims are properly dismissed.

### C. Double Jeopardy

Plaintiff claims that the parole board members are "using things [he has] already been punished for" in violation of the Double Jeopardy Clause of the Fifth Amendment, as applied to the states through the Fourteenth Amendment. (ECF No. 1, PageID.3.) However, parole determinations are not considered criminal punishment for the purposes of the Double Jeopardy Clause. *See Ellick v. Perez*, 27 F. App'x 489, 490 (6th Cir. 2001) (*citing Kell v. United States Parole Comm'n,* 26 F.3d 1016, 1020 (10th Cir. 1994)); *Mayrides v. Chaudhry*, 43 F. App'x 743, 745 (6th Cir. 2002) (holding that the decision whether to grant parole "based upon the nature of a defendant's conviction does not violate the Double Jeopardy Clause of the Constitution," and "[t]he parole board's refusal to grant parole does not increase [a prisoner's] sentence, nor is parole designed to punish a defendant for the violation of criminal law" (citations omitted)). Accordingly, Plaintiff's double jeopardy claims will be dismissed.

### D. Eighth Amendment

Plaintiff claims that the denial of parole constitutes cruel and unusual punishment in violation of the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial

of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Plaintiff's claim that he was denied parole on several occasions resulting in his continued imprisonment past his earliest release date does not rise to the level of an Eighth Amendment violation:

> The United States Court of Appeals for the Sixth Circuit has stated that the denial of parole "does not implicate the Eighth Amendment's prohibition against cruel and unusual punishment. The Eighth Amendment prohibits conduct that involves the unnecessary and wanton infliction of pain. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The denial of parole clearly does not fall under this umbrella." *Carnes v. Engler*, 76 Fed. Appx. 79, 81 (6th Cir. 2003); *see also Johnson v. Booker*, No. 08–CV–12726, 2008 WL 3020878, [at] *2 (E.D. Mich. Aug. 4, 2008) (rejecting similar challenge to parole denial); *accord Lee–Bryant v. Sindles*, No. 2:08–CV–121, 2009 WL 528959, [at] *4 (W.D. Mich. March 2, 2009) (adopting magistrate judge's report).

*Andrews v. White*, No. 2:06-CV-13709, 2009 WL 817851, at *3 (E.D. Mich. Mar. 26, 2009). Therefore, Plaintiff's Eighth Amendment claims are properly dismissed.

### E. Equal Protection

Finally, Plaintiff claims that he has "been discriminated against at every [parole board] interview," claiming that "the parole board has paroled inmates who've assaulted staff . . . at MBP." (ECF No. 1, PageID.3.)

7

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff does not allege that a fundamental right is implicated in this case or that he is a member of a suspect class; his claims therefore are not subjected to strict scrutiny.

To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff claims that the parole board has paroled inmates who have assaulted staff at MBP and that Plaintiff has never been given a fair chance. However, Plaintiff fails to allege any facts showing that he is similarly situated to those inmates in all relevant respects. Instead, Plaintiff's allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because

Plaintiff's equal protection claims are wholly conclusory and he has alleged no facts that plausibly suggest that his equal protection rights were violated.

Accordingly, any intended Fourteenth Amendment equal protection claims will be dismissed.

### F. Relief Unavailable Under § 1983

Plaintiff's complaint also fails for another reason: he seeks release from prison and damages for his allegedly unconstitutional detention. Neither form of relief is available in this § 1983 action.

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 494 (1973) (holding that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The United States Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (citation omitted); *see also Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997).

In *Wilkinson v. Dotson*, 544 U.S. 74 (2005), the Supreme Court clarified the *Heck* rule, holding that:

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success

9

in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Id.* at 81–82 (emphasis in original). However, under *Wilkinson*, where a plaintiff does not seek release, but only seeks a new hearing, his success in the action would not necessarily demonstrate the invalidity of his continued confinement, so his action would not be *Heck*-barred.

Here, in contrast with *Wilkerson*, Plaintiff does not seek a hearing; he seeks release from prison and damages for his allegedly unlawful detention beyond his earliest release date. As discussed above, such claims are barred by *Heck*, 512 U.S. at 486–87.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma*

*pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  February 27, 2024                        /s/ Paul L. Maloney
                                                                                            Paul L. Maloney
                                                                                           United States District Judge